**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DEREK J. HARVEY,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | **Civil Action No. RDB-20-3068** |
| **CABLE NEWS NETWORK, INC.,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On February 17, 2021, this Court dismissed the original Complaint in this case *without prejudice* as to the Defendant Cable News Network, Inc. ("CNN")[1] with leave given to the Plaintiff Derek J. Harvey ("Harvey" or "Plaintiff") if he so chose to file an Amended Complaint curing deficiencies by March 4, 2021. The records of this Court reflect that at 8:04 p.m. on the evening of March 4, 2021, an Amended Complaint was filed. (*See* Notice of Electronic Filing for ECF No. 37.) Both the original Complaint and the Amended Complaint allege defamation and false light invasion of privacy on the basis of statements reported by CNN. These statements related to CNN's coverage of the first impeachment of former President Donald J. Trump and the investigation conducted by California Congressman Devin G. Nunes with respect to alleged activities in Ukraine by the family of now President Joseph R. Biden, Jr. The Plaintiff Harvey is a Senior Advisor to Congressman Nunes.

---

[1] The original Complaint was also dismissed *without prejudice* as to the Individual Defendants Lev Parnas and Joseph A. Bondy, as this Court lacks personal jurisdiction over them. (*See* ECF No. 35.)

While the original Complaint listed twenty statements allegedly defamatory, the Amended Complaint has now narrowed the allegations to five statements. This Court previously analyzed the context of those five statements and the Amended Complaint does not cure the "manifest deficiencies" which this Court has previously noted. (ECF No. 35 at 20-41.) In short, the Amended Complaint is nothing more than a repetition of the original Complaint with no new material factual allegations. As previously noted, the statements in question lack defamatory meaning as to the Plaintiff Harvey, and the Amended Complaint fails to plausibly allege material falsity. Furthermore, these statements are privileged, and the Amended Complaint fails to plausibly allege actual malice. Accordingly, there is also no plausible false light claim.

Presently pending is Defendant CNN's Motion to Dismiss the Amended Complaint (ECF No. 39), which includes a request for the additional fees, costs, and expenses incurred by CNN in responding. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow the Defendant CNN's Motion to Dismiss (ECF No. 39) is GRANTED and the Plaintiff Harvey's Amended Complaint (ECF No. 37) is DISMISSED WITH PREJUDICE. Furthermore, this Court finds that the Plaintiff Harvey and his counsel unreasonably and vexatiously extended this matter in bad faith with the filing of a last-minute Amended Complaint which did not in any way seek to cure the deficiencies previously addressed by this Court. Accordingly, pursuant to this Court's inherent authority and 28 U.S.C. § 1927, fees, costs, and expenses shall be assessed

against the Plaintiff Harvey and his counsel Stephen S. Biss and Joseph L. Meadows.[2]  Those fees, costs, and expenses incurred after March 4, 2021 to the present shall be awarded by Separate Order after subsequent briefing.[3]

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).  Plaintiff Harvey is a Senior Advisor to Congressman Nunes, a member of the House Permanent Select Committee on Intelligence, and he alleges that the Defendant CNN falsely accused him of participating in an effort to aid and abet the commission of criminal, unethical, and dishonest conduct.  (ECF No. 37.)  Overall, Harvey's claims stem from statements made by former Individual Defendants Parnas and Bondy and published by Defendant CNN in its coverage of the 2019 impeachment trial of former President Trump and related allegations of wrongdoing by Trump and other individuals.  (*Id.*)  Harvey's Amended Complaint alleges that CNN is liable for publication of five of the twenty statements detailed in his original Complaint.  (*Id.* ¶ 2.)

As this Court previously explained, Harvey's suit is at heart, a continuation of litigation of Congressman Nunes with respect to media coverage of his own political efforts in support of former President Trump.  (ECF No. 35 at 1.)  In fact, this Court was hard pressed to see

---

[2] On March 26, 2021, Mr. Meadows filed a Motion to Withdraw as Attorney (ECF No. 42).  Mr. Meadow's Motion shall remain pending until the resolution of the matter of these fees, costs, and expenses.

[3] By Separate Order, this Court shall set a briefing schedule as to those fees, costs, and expenses.  The Defendant CNN shall reference the guidelines regarding hourly rates established by Appendix B of the Local Rules of this Court.  (*See* Local Rules, App. B (D. Md. 2018).)  The Plaintiff Harvey and his counsel Biss and Meadows may respond to the monetary amount sought for those fees, costs, and expenses unnecessarily incurred in connection with the filing of the Amended Complaint in this case.

how several of the allegedly defamatory statements cited in Harvey's original Complaint had much to do with the Plaintiff at all, as they focused almost entirely on the actions of Congressman Nunes.  (*See id.* at 20-21, 24-25, 27.)  It was also unclear to this Court how the statements at issue were in fact defamatory in nature, tending to "expose a person to public scorn, hatred, contempt, or ridicule."  (*See* ECF No. 35 at 18 (quoting *Murray v. United Food and Commercial Workers Intern. Union*, 389 F.3d 297, 305 (4th Cir. 2002) (citations omitted).)  Harvey was acting as a Senior Advisor to Nunes, the "leader of the Republican opposition" to the first impeachment of former President Trump, and the public record[4] includes House Republicans' statements that there was "nothing wrong with asking serious questions" about the Bidens and their dealings with Ukraine. (*Id.*)  To suggest it was defamatory for CNN to state or otherwise imply that Harvey was assisting Nunes in his investigation of a political rival is simply without merit.

Nevertheless, this Court dismissed Harvey's claims *without* prejudice, holding that if the Plaintiff possessed facts to cure the manifest deficiencies of his Complaint, he could file an Amended Complaint correcting such errors.  However, as this Court warned, an amended complaint could still be subject to dismissal by reason of repeated failure to cure deficiencies or futility of the amendment.  *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008).  At 8:04 p.m. on March 4, 2021, the Plaintiff filed an Amended Complaint alleging that CNN published five defamatory statements.  (ECF No. 37.)  In the Amended Complaint, Harvey combines what were previously Statements 1 and 2 into the new Statement 1.  (ECF

---

[4] On a motion to dismiss, a court may take judicial notice of matters of public record.  *See Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (4th Cir. 2019) (citing *Phillips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)).

No. 1 ¶ 2; ECF No. 37 ¶ 2.)  The new Statement 1 is a combination of excerpts from an article published by CNN reporter Vicky Ward on November 22, 2019.[5]  Statements 3, 4, and 5 from the original Complaint are now Statements 2, 3, and 4 in the Amended Complaint. (ECF No. 1 ¶ 2; ECF No. 37 ¶ 2.)  They are excerpts from the dialogue between Ward and CNN reporter Chris Cuomo on Cuomo's prime time television show, which aired after the release of Ward's article.  (*See* Exs. B, C, ECF Nos. 39-3, 39-4.)  A portion of Statement 6 in the original Complaint is now provided in the Amended Complaint as Statement 5.  (ECF No. 1 ¶ 2; ECF No. 37 ¶ 2.)  This statement is also a quote from the dialogue on Cuomo's prime time program.

In addition to narrowing his claims to five statements, Harvey made some slight edits and additions to his previous allegations.  Harvey now asserts that CNN's false accusations related to his "collusion, intentional concealment, and participation in a 'shadow foreign policy' operation" ascribed to him conduct "that could cost him his security clearance and subject him to discipline." (*Id.* ¶¶ 3, 7.)  He also asserts that CNN's reporting falsely accused him of publishing "derogatory statements concerning Nunes—Plaintiff's superior" and that the accusations "were highly prejudicial" to his employment with the Congressman.  (*Id.* ¶¶ 5, 41(e).)  Plaintiff inserted the words "materially false" in some paragraphs.  (*See, e.g.*, *id.* ¶ 11(d).)  Finally, Harvey now alleges that CNN's allegedly defamatory statements, which reference Harvey or Nunes' "aide," "staffer," or "investigator," have now been republished "hundreds of millions of times," including by CNN and its agents.  (*Id.* ¶ 34.)

---

[5] Vicky Ward, *Exclusive: Giuliani associate willing to tell Congress Nunes met with ex-Ukrainian official to get dirt on Biden*, CNN (last updated Nov. 23, 2019), https://www.cnn.com/2019/11/22/politics/nunes-vienna-trip-ukrainian-prosecutor-biden/index.html.  A copy of the article was attached to Defendant CNN's Motion to Dismiss as Exhibit A.  (*See* ECF No. 39-2.)

## STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted.  The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The United States Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).  In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.  First, while a court must accept as true all factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")  Second, a complaint must be dismissed if it does not allege a "plausible claim for relief." *Iqbal*, 556 U.S. at 679.

In the context of an Amended Complaint filed after legal deficiencies were found in an initial complaint, dismissal with prejudice is appropriate. *Watkins v. Washington Post*, No. PWG-17-818, 2018 WL 805394, at *8 (D. Md. Feb. 9, 2018) ("Thus, considering [the plaintiff]'s failure to state a claim in her amended complaint after having been advised with specificity of

the legal deficiencies in her initial complaint, dismissal with prejudice is appropriate.") (citing *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825-26 (D. Md. 2013); *see also Watkins v. Cable News Network, Inc.*, No. GJH-17-780, 2018 WL 1970747 (D. Md. Apr. 25, 2018) (dismissing amended complaint for failure to state a claim for defamation).

## ANALYSIS

Plaintiff Harvey has failed to remedy the deficiencies of his original Complaint. This Court carefully considered each of the five allegedly defamatory statements included in that Complaint and repeated in the Amended Complaint and previously held that the Plaintiff had failed to state a *prima facie* claim for defamation on the basis of any of the statements. (ECF No. 35.) As this Court previously explained, to state a claim for defamation under Maryland law,[6] a plaintiff must sufficiently allege "(a) a false and defamatory statement concerning another; (b) an unprivileged publication to a third party; (c) fault amounting to at least negligence on the part of the publisher; and (d) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Rabinowitz v. Oates*, 955 F. Supp. 485, 488 (D. Md. 1996) (citing *De Leon v. St. Joseph Hosp., Inc.*, 871 F.2d 1229, 1236 (4th Cir. 1989)). Under this standard, falsity does not require absolute precision: "[f]or the purpose of a defamation claim, a statement is only false if it is 'not substantially correct.'" *Nanji v. Nat'l Geographic Soc'y*, 403 F. Supp. 2d 425, 431 (D. Md. 2005). "Minor inaccuracies do not amount to falsity provided that the substance or gist is justified." *Id.* Further, as provided above, to be actionable as defamation, a statement must be "defamatory to such an

---

[6] As the basis of this Court's jurisdiction lies in diversity of citizenship, under 28 U.S.C. § 1332(a), Maryland law applies. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

extent as to expose [the plaintiff] to 'public scorn, hatred, contempt, or ridicule, thereby discouraging others in community from having a good opinion of, or associating with or dealing with [him].'" *Mates v. N. Am. Vaccine, Inc.*, 53 F. Supp. 2d 814, 830 (quoting *Batson v. Shiflett*, 602 A.2d 1191, 1210 (Md. 1992)); *see also Murray*, 389 F.3d at 305 (citing *Samuels v. Tschechtelin*, 763 A.2d 209, 241-42 (Md. 2000) (internal citations omitted)).  Finally, "in order to maintain an action for libel or slander, it must appear that the defamatory words refer to some ascertained or ascertainable person, and that person must be the plaintiff." *Great Atl. & Pac. Tea Co. v. Paul*, 261 A.2d 731, 736 (Md. 1970) (citation omitted).

The Plaintiff has done nothing to address this Court's concerns that the statements have little do with Harvey at all.  The statements allege nothing more than that Harvey was a source of information about Congressman Nunes or an unnamed subordinate acting in compliance with the orders of his superior.   (ECF No. 35 at 20-21, 24-27.)  The Plaintiff has also failed to address the fact that none of the statements are materially false.  (*Id.* at 21, 24-27.)  Adding the phrase "materially false" to certain paragraphs of the Amended Complaint does not change the substance of the statements, or the facts related to this case.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.")  The Plaintiff did omit a portion of what is now alleged as Statement 5 that this Court held was clearly unactionable due to its status as an opinion. (*See* ECF No. 1 ¶ 2; ECF No. 37 ¶ 2; ECF No. 35 at 27-28.)   However, with respect to Statement 5, Harvey still fails to state a claim on the bases that the statement only references Harvey as a source of information about Congressman Nunes and is not materially false.

Harvey made some additions to his Amended Complaint that were presumably meant to address this Court's concerns that none of the statements were actually defamatory. For example, Harvey added allegations that CNN's publications "could cost him his security clearance and subject him to discipline." (*Id.* ¶¶ 3, 7.) He also asserts that CNN's reporting falsely accused him of publishing "derogatory statements concerning Nunes—Plaintiff's superior" and that the accusations "were highly prejudicial" to his employment with the congressman. (*Id.* ¶¶ 5, 41(e).) Theses additions do not aide the Plaintiff's case. In his Response in Opposition to the Defendant's Motion to Dismiss, Harvey argues that "false statements that impute unethical or improper conduct to a professional (such as Plaintiff) or business person are universally found to be defamatory." (ECF No. 40-1 at 14.) Yet the cases to which he cites are clearly distinguishable from the case at hand.

In *Wagner v. Gibson*, the defendant flatly and directly accused the plaintiff of misconduct, including dishonesty in the interview process" and violations of her employer's personnel policies. No. WDQ-12-3581, 2013 WL 4775380, at *4 (D. Md. Sept. 4, 2013). In *Thompson v. Upton*, the defendant sent a letter to the mayor and other citizens of the City of College Park, Maryland in which he asserted that the plaintiff, a police officer, was drinking beer while on duty and was involved in a scheme of corruption either raising money for the police or diverting trade. 146 A.2d 880, 883 (Md. 1958). And in *Siegert v. Gilley*, the defendant stated the plaintiff was "both inept and unethical, perhaps the least trustworthy individual I have supervised in my thirteen years." 500 U.S. 226, 228 (1991). In all of these cases, the courts noted concerns that the statements suggested the plaintiffs lacked the capacity to perform their jobs and could harm their opportunities to gain future employment. *Wagner*, 2013 WL

4775380, at *4; *Thompson*, 146 A.2d at 883; *Siegert*, 500 U.S. at 234.  However, the statements at issue in this case do not so directly allege misconduct—let alone allege that Harvey himself engaged in any sort of conduct.  As this Court explained in its previous opinion, some of the statements specifically provided that Nunes was operating *within* the confines of Congressional disclosure requirements.  (ECF No. 35 at 24.)  This Court also noted statements made by House Republicans that there was "nothing wrong" with investigating the Bidens.  (ECF No. 35 at 18.)  Accusations that Nunes was seeking to hide information from political rivals, or supporting the agenda of his political party are not defamatory of the Plaintiff Harvey.

Finally, Harvey still fails to show that CNN made any of the allegedly defamatory statements with actual malice.  He argues first that he should not be required to show actual malice given that he "did not voluntarily assume a role of special prominence in this public controversy," and, therefore, should not be considered a public figure.  (ECF No. 35 at 22.)  As the U.S. Supreme Court explained in *Gertz v. Robert Welch, Inc.*, those "who hold governmental office" or "who, by reason of the notoriety of their achievements or the vigor and success with which they seek the public's attention," assume a place on the public stage and thereby "run[] the risk of closer public scrutiny," also achieve "access to the channels of effective communication" to correct alleged falsehoods published about them.  418 U.S. 323, 342-44 (1974).  Therefore, such individuals must plead and prove actual malice to prevail on a claim for defamation.  *Id.*

In the previous Memorandum Opinion this Court carefully detailed the precedent of the U.S. Court of Appeals for the Fourth Circuit and other courts on the issue of who qualifies as a public official for purposes of the actual malice requirement.  (ECF No. 35 at 35-38.)

Under Fourth Circuit precedent, this Court must consider whether a plaintiff has "apparent substantial responsibility," namely whether his position "would invite public scrutiny and discussion of the person holding it." *See Horne v. WTVR, LLC*, 893 F.3d 201, 207 (4th Cir. 2018). The Fourth Circuit and other courts have found a wide range of government employees to qualify as public officials under this standard. *See id.* (holding that county school board office employee was a public official); *Mangual v. Rotger-Sabat*, 317 F.3d 45, 65 (1st Cir. 2003) (describing the public official designation as "broad" and citing cases in which several circuits have held police officers to be public officials); *Revell v. Hoffman*, 309 F.3d 1228, 1232-33 (10th Cir. 2002) (holding former FBI employee was public official); *Garcia v. Bd. of Educ. of Socorro Consol. Sch. Dist.*, 777 F.2d 1403, 1408 (10th Cir. 1985) (finding school board members' public officials and collecting cases where courts have found other city officials such as the "elected township tax assessor," a city commissioner, and a judge to be public officials). Some courts have even specifically found aides to prominent government officials to properly fall within the category of public officials. *See, e.g.*, *McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1301 (D.C. Cir. 1996) (libel plaintiff suing over statements concerning his time as an aide to a U.S. Senator found to be a public figure "having held various high-level positions" in government); *Hardin v. Santa Fe Reporter, Inc.*, 745 F.2d 1323, 1324 (10th Cir. 1984) (libel plaintiff "was a public official for purposes of the First Amendment because of his position as chief aide to the [State] Secretary of Corrections"); *De Falco v. Anderson*, 506 A.2d 1280, 1284 (N.J. Super. Ct. App. Div. 1986) (holding libel plaintiff who was a "former aide" to U.S. Congressman was a public figure). Accordingly, this Court has held that Harvey was a public official due to his own allegations regarding his current position as Nunes' Senior Aide, as well as his significant

11

history of public service, including appointment to the National Security Council.  (ECF No. 35 at 36-39.)  He is required to plead actual malice to survive a motion to dismiss.

Harvey's next argument regarding actual malice is even less meritorious.  Harvey asks this Court to completely ignore Supreme Court precedent and reconsider what he asserts to be an outdated actual malice standard established by *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).  (ECF No. 40-1 at 22-24.)  As Plaintiff's counsel has already once been instructed, "for obvious reasons" a district court cannot simply overturn a decision of the Supreme Court. *See Nunes v. WP Co.*, No. 20-cv-01403 (APM), 2020 WL 7668900, at *6 (D.D.C. Dec. 24, 2020) (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (indicating that lower courts should "leav[e] to th[e] [Supreme Court] the prerogative of overruling its own decisions."))  The actual malice standard as articulated by the Court in *Sullivan* controls in this case, and for the same reasons detailed in this Court's earlier opinion, Harvey has failed to state a plausible claim that CNN and its reporters made any of the statements at issue with actual malice.

Finally, in its Motion to Dismiss, CNN requested that it should be awarded fees, costs, and expenses in responding to the Amended Complaint, pursuant to 28 U.S.C. § 1927 and this Court's inherent authority.  (ECF No. 39-1 at 13 n.12.)  "[F]ederal courts have inherent authority to sanction."  *Six v. Generations Federal Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018). Such authority derives from "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Courts are empowered "to fashion an appropriate sanction for conduct which abuses the judicial process," such as "an order . . . instructing a party that has

acted in bad faith to reimburse legal fees and costs incurred by the other side." *Six*, 891 F.3d at 519 (citing *Goodyear Tire*, 137 S. Ct. at 1186) (internal citations omitted)). This Court may also impose sanctions under 28 U.S.C. § 1927, which provides that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 permits sanctions "for bad-faith conduct that wrongfully multiplies proceedings." *Six*, 891 F.3d at 520.

In the previous Memorandum Opinion, this Court specifically stated that Plaintiff Harvey was permitted to file an Amended Complaint if he possessed facts to cure the "manifest deficiencies" addressed in that opinion by March 4, 2021. (ECF No. 35 at 41.) This Court also specifically warned that such Amended Complaint would be subject to dismissal if the Plaintiff failed to cure the noted deficiencies. (*Id.*) Nevertheless, after the clerk's office of this Court had closed and just hours before the deadline of midnight on March 4, 2021, the Plaintiff filed an Amended Complaint nearly identical to the original Complaint filed in this case and thoroughly discussed in this Court's Memorandum Opinion. As the above analysis explains, the Plaintiff did not cure any of the deficiencies noted by the Court. The filing of such an Amended Complaint is the sort of bad faith courts have repeatedly found to merit sanctions under 28 U.S.C. § 1927 and the courts' inherent power to sanction. *See Wages v. I.R.S.*, 915 F.2d 1230 (9th Cir. 1990) ("By attempting to file an amended complaint that did not materially differ from one which the district court had already concluded did not state a claim," the plaintiff "evidenced bad faith in multiplying the proceedings in [the] case 'unreasonably and vexatiously.'"); *see also Sweetland v. Bank of America Corp.*, 241 F. App'x 92,

97 (4th Cir. 2007) (affirming district court's imposition of sanctions where plaintiff did not withdraw a motion for summary judgment "despite [his] apparent recognition of his lack of substantiating evidence to support his initial allegations"); *In re Brown*, 126 B.R. 615, 617 (Bankr. M.D. Fla. 1991) (holding counsel should be sanctioned under § 1927 "for filing the First Amended Complaint in which counsel merely attempted to almost verbatim replead the initial complaint and did not even attempt to cure defects which had been found to exist in the original Complaint."). This Court finds that Plaintiff Harvey's filing of the Amended Complaint unreasonably multiplied the proceedings in this case, and this Court is satisfied that it is appropriate to impose a sanction as to the Plaintiff and his counsel under this court's inherent authority and 28 U.S.C. § 1927.

## CONCLUSION

For the foregoing reasons, the Defendant CNN's Motion to Dismiss (ECF No. 39) is GRANTED and the Plaintiff Harvey's Amended Complaint (ECF No. 37) is DISMISSED WITH PREJUDICE. Furthermore, this Court finds that the Plaintiff Harvey and his counsel unreasonably and vexatiously extended this matter in bad faith with the filing of a last-minute Amended Complaint which did not in any way seek to cure the deficiencies previously addressed by this Court. Accordingly, pursuant to this Court's inherent authority and 28 U.S.C. § 1927, fees, costs, and expenses shall be assessed against the Plaintiff Harvey and his counsel Stephen S. Biss and Joseph L. Meadows. Those fees, costs, and expenses incurred after March 4, 2021 to the present shall be awarded by Separate Order after subsequent briefing.

Separate Orders follow.

Dated March 31, 2021

_____/s/_____

Richard D. Bennett
United States District Judge