IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DEREK J. HARVEY, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-3068 |
| CABLE NEWS NETWORK, INC., | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM ORDER**

On March 31, 2021, this Court issued a Memorandum Opinion and two Orders granting the Defendant Cable News Network, Inc.'s Motion to Dismiss the Amended Complaint (ECF No. 39) and ordering that an award of fees, costs, and expenses for the filing of the Motion to Dismiss was appropriate pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. (*See* ECF Nos. 44, 45, 46.)[1]  On April 9, 2021, attorney Joseph L. Meadows filed a Motion for Reconsideration of this Court's sanctions order. (ECF No. 52.)  The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, Mr. Meadows' Motion for Reconsideration (ECF No. 52) is DENIED.

**BACKGROUND**

On October 21, 2020, Plaintiff Derek Harvey ("Harvey" or "Plaintiff") filed suit against Defendants Cable News Network, Inc. ("CNN"), Lev Parnas ("Parnas"), and Joseph A.

---

[1]In the Memorandum Opinion, this Court noted that Joseph L. Meadows' Motion to Withdraw Appearance (ECF No. 42) would remain pending until the resolution of the matter of such fees, costs, and expenses.  (ECF No. 44 at 3 n.2.) That Motion (ECF No. 42, supplemented by ECF No. 48) will continue to remain pending at this time.

Bondy ("Bondy") alleging defamation and false light invasion of privacy against each of the Defendants. (ECF No. 1.) On February 17, 2021, this Court dismissed all claims against the Individual Defendants, as this Court lacked personal jurisdiction over them. (ECF Nos. 35, 36.) With respect to Defendant CNN, this Court dismissed Harvey's original Complaint without prejudice, granting the Plaintiff leave to file an Amended Complaint curing the noted deficiencies by March 4, 2021. (*Id.*) The records of this Court reflect that at 8:04 p.m. on the evening of March 4, 2021, an Amended Complaint was filed. (*See* Notice of Electronic Filing for ECF No. 37.) However, the Amended Complaint was nothing more than a repetition of the original Complaint with no new material factual allegations. On March 12, 2021, Defendant CNN filed a Motion to Dismiss the Amended Complaint (ECF No. 39), which included a request for the additional fees, costs, and expenses incurred by CNN in responding to the Amended Complaint.

On March 26, 2021, Mr. Meadows filed a Motion to Withdraw Appearance (ECF No. 42) asserting that he was departing the law firm of Bean, Kinney & Korman, P.C. for another firm that was unable to represent Plaintiff Harvey due to conflicts, and that Bean, Kinney & Korman, P.C. had decided to end the representation under the terms of the local counsel engagement agreement. (ECF No. 42-1.) On March 31, 2021, this Court issued the Memorandum Opinion and two Orders granting the Defendant CNN's Motion to Dismiss the Amended Complaint (ECF No. 39) and ordering that an award of fees, costs, and expenses for the filing of the Motion to Dismiss was appropriate pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. (*See* ECF Nos. 44, 45, 46.) This Court found that Plaintiff Harvey and his counsel unreasonably and vexatiously extended this matter in bad faith with the filing

2

of the last-minute Amended Complaint, which did not in any way seek to cure the deficiencies previously addressed by this Court.  (ECF No. 44.)  This Court also noted that Mr. Meadows' Motion to Withdraw Appearance would remain pending until resolution of the matter of fees, costs, and expenses.  (*Id.* at 3 n.3.)  On April 9, 2021, Mr. Meadows filed a Motion for Reconsideration (ECF No. 52), asking this Court to vacate or at least reconsider its order for sanctions against Plaintiff Harvey and his attorneys.

## STANDARD OF REVIEW

Mr. Meadows does not cite under which Federal Rule of Civil Procedure he seeks reconsideration. Rule 59(e) authorizes a district court to alter, amend, or vacate a prior judgment, while Rule 60 provides for relief from judgment.  *See Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011), *cert. denied*, 132 S. Ct. 115 (2011).  As this Court explained in *Cross v. Fleet Reserve Ass'n Pension Plan*, WDQ-05-0001, 2010 WL 3609530, at *2 (D. Md. Sept. 14, 2010):

> A party may move to alter or amend a judgment under Rule 59(e), or for relief from a judgment under Rule 60(b). *See* Fed. R. Civ. P. 59(e) & 60(b).  A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls. *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

(footnote omitted).  Mr. Meadows filed his motion within 28 days of this Court's Order awarding fees, costs, and expenses to the Defendant.  (*See* ECF No. 46.)  Accordingly, Rule 59(e) governs this Court's analysis.  *See, e.g., Knott v. Wedgwood*, DKC-13-2486, 2014 WL 4660811, at *2 (D. Md. Sept. 11, 2014).

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a final judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *See, e.g.*, *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 241 n.8 (4th Cir. 2008); *see also Fleming v. Maryland Nat'l Capital Park & Panning Comm'n*, DKC-11-2769, 2012 WL 12877387, at *1 (D. Md. Mar. 8, 2012). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998); *see also Kelly v. Simpson*, RDB-16-4067, 2017 WL 4065820, at *1 (D. Md. Jan. 26, 2017). Moreover, "[t]he district court has considerable discretion in deciding whether to modify or amend a judgment." *Fleming*, 2012 WL 12877387, at *1.

Mr. Meadows has not met the high bar he faces to succeed on a Motion for Reconsideration. Since this Court's Order on March 31, 2021, there has been no intervening change in controlling law, nor has new evidence been discovered. Mr. Meadows argues that this Court issued its order without providing him with a sufficient opportunity to be heard. (ECF No. 52-1 at 2.) Yet, in the Plaintiff's Response in Opposition to Defendant CNN's Motion to Dismiss the Amended Complaint, on which Mr. Meadow's name clearly appears, the Plaintiff clearly opposed the Defendant's request for sanctions. (ECF No. 40-1 at 31 n.14.) In that memorandum, the Plaintiff asserted that CNN had not shown bad faith as required to impose sanctions under 29 U.S.C. § 1927 or this Court's inherent authority. (*Id.*)

4

Mr. Meadows now continues to assert that the award of fees, costs, and expenses in a case where the plaintiff, with leave, filed an amended complaint is extreme and unsupported by the law.  (ECF No. 52-1.)  Although this Court did indeed grant Plaintiff Harvey leave to amend his original Complaint, this Court specifically stated that Harvey could make such amendment only "if Plaintiff possesse[d] facts to cure such manifest deficiencies addressed in [the Court's] Memorandum Opinion."  (ECF No. 35 at 41.)  The Plaintiff then filed an Amended Complaint at 8:04 p.m. on March 4, 2021, hours before the deadline and well after the clerk's office had closed for the day.  That Amended Complaint clearly reveals that the Plaintiff did not possess facts to cure the numerous deficiencies this Court found in the original Complaint, as the amendments made were minimal, superficial, and did nothing to address this Court's concerns.  For the reasons set forth in this Court's March 31, 2021 Memorandum Opinion (ECF No. 44), this Court is satisfied that the Plaintiff's filing of the Amended Complaint unreasonably multiplied the proceedings in this case and that an award of fees, costs, and expenses was appropriate under this Court's inherent authority and 28 U.S.C. § 1927.  Accordingly, this Court concludes that Mr. Meadows has failed to meet his burden for the extraordinary remedy of reconsideration of a judgment after its entry.

## CONCLUSION

For the foregoing reasons, it is this 15th Day of April, 2021, HEREBY ORDERED that:

1.  Joseph Meadow's Motion for Reconsideration (ECF No. 52) is DENIED;

2.  The Clerk of the Court transmit copies of this Memorandum Order to Counsel.

_____/s/_____

Richard D. Bennett
United States District Judge