## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DEREK J. HARVEY,                          *

     Plaintiff,                          *

     v.                                  *                    Civil Action No. RDB-20-3068

CABLE NEWS NETWORK, INC.,                 *

     Defendant.                          *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM ORDER

On March 31, 2021, this Court dismissed with prejudice Plaintiff Derek Harvey's Amended Complaint, finding that the amended pleading was nothing more than a repetition of the original Complaint with no new material factual allegations. (ECF No. 44.)  In doing so, this Court held that Plaintiff Harvey and his counsel unreasonably and vexatiously extended this matter in bad faith by filing the last-minute Amended Complaint, which did not in any way seek to cure the deficiencies previously addressed by this Court. (*Id.*)  Accordingly, this Court ordered an award of fees, costs, and expenses to the Defendant Cable News Network ("CNN") for responding to that Amended Complaint pursuant to 28 U.S.C. § 1927 and this Court's inherent authority. (ECF Nos. 44, 46.)  On April 15, 2021, this Court denied a Motion for Reconsideration of such Order. (ECF No. 55.)  Defendant CNN submitted briefing on the fees, costs, and expenses incurred in responding to the Amended Complaint (ECF No. 51), and the Plaintiff and his counsel were given the opportunity to respond (ECF Nos. 53, 54).  The parties' submissions have been reviewed, and no hearing is necessary. *See*

Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, CNN is awarded the requested $21,437.50 in attorneys' fees and $52.26 in expenses.

## ANALYSIS

As this Court explained in its March 31 Memorandum Opinion, "federal courts have inherent authority to sanction." *Six v. Generations Federal Credit Union*, 891 F.3d 508, 519 (4th Cir. 2018).  Such authority derives from "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Courts are empowered "to fashion an appropriate sanction for conduct which abuses the judicial process," such as "an order . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." *Six*, 891 F.3d at 519 (citing *Goodyear Tire*, 137 S. Ct. at 1186) (internal citations omitted)).  This Court may also impose sanctions under 28 U.S.C. § 1927, which provides that an "attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  Section 1927 permits sanctions "for bad-faith conduct that wrongfully multiplies proceedings." *Six*, 891 F.3d at 520.

This Court determined Harvey and his counsel engaged in bad faith conduct in filing the last-minute Amended Complaint in this case (ECF Nos. 44, 46), joining a "chorus" of courts sanctioning one of the Plaintiff's attorneys, Steven Biss.  *See Lokhova v. Halper*, -- F.3d --, 2021 WL 1418848, at *9 (4th Cir. 2021).  For the reasons set forth in this Court's Memorandum Order denying a motion for reconsideration of that ruling (ECF No. 55), this

Court will not vacate its Order awarding the Defendant fees, costs, and expenses in this case. Accordingly, this Court determines the appropriate monetary amount to award.

With respect to attorneys' fees, this Court has previously explained the calculation of a reasonable fee award, often referred to as the "lodestar award," as follows:

> A court's award of reasonable attorneys' fees is the product of the reasonable hours expended multiplied by a reasonable hourly rate. In assessing the reasonableness of the hours and rate claimed, the court considers the following twelve factors elucidated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) and adopted by the Fourth Circuit in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978): "(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases."

*Diegert v. Baker*, No. RDB-09-0392, 2010 WL 3860639, at *5 (D. Md. Sept. 30, 2010) (quoting *Xiao-Yue Gu v. Hughes STX Corp.*, 127 F. Supp. 2d 751, 764 (D. Md. 2001) (citing *EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990) and, *inter alia, Hensley v. Eckerhart*, 461 U.S. 424 (1983))). "'When . . . the applicant for a fee has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee' to which counsel is entitled." *Id.* (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (internal citations omitted)).

In examining these factors, this Court finds that CNN's requested award of $21,437.50 in attorneys' fees is reasonable. CNN provided this Court with detailed information regarding the hours expended by four individuals involved in filing the 13-page Motion to Dismiss (ECF

No. 39) and 10-page Reply (ECF No. 41), filed in response to the Plaintiff's 31-page Response in Opposition (ECF No. 40).  (*See* ECF No. 51.)  In total, CNN asserts that its counsel spent 67.6 hours between the two memoranda.[1]  (*Id.*)  This number does not include time spent by counsel and research staff checking citations or reviewing the briefs with CNN's other counsel. (*Id.*)  Those hours are reasonable for a dispositive motion in a high-profile case with $30 million in claimed damages.  (*Id.*)  As this Court explained in its Memorandum Opinions dismissing both the original Complaint and ultimately the Amended Complaint, this case involves the allegations of a public official seeking to collect damages from a news organization for its coverage of the first impeachment of former President Donald J. Trump.  (ECF Nos. 35, 44.)  In filing the Motion to Dismiss the Amended Complaint, CNN's counsel thoroughly established that, despite the Plaintiff's amendments to the original Complaint, the remaining five allegedly defamatory statements failed to meet each of the requirements of a defamation claim.  (*See* ECF No. 39.)  For example, CNN demonstrates that each statement lacked defamatory meaning, was not "of and concerning" Plaintiff Harvey, and was not materially false.  (*Id.*)  Counsel also explained that the Amended Complaint could not overcome this Court's previous rulings that the statements at issue were privileged and that Harvey was a public figure required to show actual malice.  (*Id.*)

Plaintiff's local counsel, Joseph Meadows, asserts that CNN's second Motion to Dismiss was the same "in sum and substance" as the Defendant's original motion and that CNN "could have filed a one-page motion to dismiss," incorporating by reference arguments

---

[1] Specifically, CNN reports that attorney Stephen Fuzesi spent 23 hours on the memoranda; attorney Nicholas Gamse spent 23.3 hours; attorney A.J. Hrom spent 19.9 hours; and A.L. McDonough, a paralegal, spent 1.5 hours.  (ECF No. 51, Tables 1 and 2.)

in the prior motion.  (ECF No. 53.)  This argument is without merit.  First, as CNN has aptly noted, "[t]he development of thoroughly-researched, well-written, and effective briefs are not excessive or redundant merely because the [other party] believes the memoranda could have accomplished the same task with fewer pages."  (ECF No. 56 at 2 (citing *Xiao-Yue Gu*, 127 F. Supp. 2d at 766).)  Further, Meadows' *de minis* argument only underscores the frivolous nature of the Plaintiff's amendments to his original Complaint.  Additionally, given there were no major changes in defamation law, nor the Plaintiff's factual allegations, between the filing of the two motions to dismiss, CNN's counsel was able to rely on its previous research for the second motion and, accordingly, their briefs cite to much of the same case law.  (*See* ECF Nos. 23, 39.)  Nevertheless, at all stages of litigation CNN's counsel remained bound to diligently and thoroughly represent their client, and the hours spent on the second Motion to Dismiss and Reply achieved a significant result for CNN and, ultimately, the resolution of this case. Given the lengthy and numerous allegations of Plaintiff Harvey and the size of the potential damages award involved in this case, this Court finds that the hours submitted by CNN's counsel are reasonable and in accordance with the twelve lodestar factors.  *See Deigert*, 2010 WL 3860639, at *5.

Additionally, the rates claimed by CNN's counsel are reasonable.  CNN, as instructed, seeks reimbursement at rates within the advisory range set forth by this Court's Local Rules. *See* Local Rules, App'x. B (D. Md. 2018).  The Local Rules establish the following "presumptively reasonable," *Ledo Pizza Sys., Inc. v. Singh*, No. WDQ-13-2365, 2014 WL 1347113, at *5 (D. Md. Apr. 3, 2014), hourly fee ranges:

   a.  Lawyers admitted to the bar for less than five (5) years: $150-225.

b.   Lawyers admitted to the bar for five (5) to eight (8) years: $165-300.

c.   Lawyers admitted to the bar for nine (9) to fourteen (14) years: $225-350.

d.   Lawyers admitted to the bar for fifteen (15) to nineteen (19) years: $275-425.

e.   Lawyers admitted to the bar for twenty (20) or more: $300-445.

f.   Paralegals and law clerks: $95-150.

Local Rules, App'x. B.3 (D. Md. 2018).  As detailed in the Defendant's filing, attorney Stephen Fuzesi has been admitted to the bar for sixteen years; attorney Nicholas Gamse for eight years; and attorney A.J. Hrom for four years.  (ECF No. 51, Tables 1 and 2.)  Accordingly, Defendant CNN asks this Court to award attorney's fees at the following rates: $425 for Fuzesi, $300 for Gamse, $225 for Hrom, and $150 for McDonough, a paralegal.  (*Id.*)  These rates are within the ranges set forth in Appendix B, and this Court, as it has done before, "acknowledges that '[Defendant's] counsel is proposing rates that are below . . . the firm's customary and normal rates, and below the rates" the client has actually paid for the services.  *Morataya v. Nancy's Kitchen of Silver Spring, Inc.*, No. GJH-13-01888, 2016 WL 6634856, at *3 (D. Md. Nov. 8, 2016).  Given the Local Rules "do not impose a cap on the hourly rates" this Court may award, *De Simone v. VSL Pharm., Inc.*, No. TDC-15-1356, 2018 WL 6680922, at *4 (D. Md. Dec. 19, 2018), this Court is entirely satisfied that the requested rates within the guidelines set forth by the Local Rules are reasonable in this case.

Finally, with respect to costs and expenses, CNN requests $52.26 for the preparation of paper and DVD copies of memoranda and exhibits and the shipment of required courtesy copies of their filings to this Court.  (ECF No. 51.)  Such request is also reasonable.

## CONCLUSION

For the reasons set forth above, it is this 4th Day of May, 2021, HEREBY ORDERED that this Court, acting under its inherent power and 28 U.S.C. § 1927, imposes sanctions on Plaintiff Harvey and his counsel in the form of attorneys' fees in the amount of $21,437.50 and $52.26 in costs and expenses.

_____/s/_____
Richard D. Bennett
United States District Judge
